[No. 14986.   Department Two.   April 1, 1919.]

ALVIN H. BIGGS, *Respondent*, v. GILBERT-TILBURY
COMPANY *et al., Appellants*.[1]

VENDOR AND PURCHASER (111)—RIGHTS AND LIABILITIES—RECONVEYANCE TO VENDOR. Where the holder of a contract for the purchase of land platted the same and sold numerous tracts on the installment plan, its assignment to the vendor of the outstanding tract contracts as security for the payment of the balance of the purchase price, does not constitute an assumption by the vendor or his successor of the outstanding contracts or render them liable thereon.

SAME (114)—ESTOPPEL (52, 53)—ACCEPTING BENEFITS OF VENDEE'S CONTRACT—RIGHTS OF SUBSEQUENT PURCHASERS. Where the holder of a contract for the purchase of land, after platting and selling the same to various purchasers on the installment plan, became insolvent, and assigned the outstanding tract contracts to the vendor as security for the balance of the purchase price, in consideration of an extension of time, the vendor and his successor, a creditor of the insolvent, who knew of such insolvency, are, by accepting payments on the outstanding tract contracts, estopped to assert a forfeiture of the insolvent's contract of purchase, and cannot thereby cut off the equities of the tract purchasers; their utmost right being

[1]Reported in 179 Pac. 839.

the recovery of the balance of the insolvent's purchase price, secured by first lien on the property, the surplus belonging to the tract purchasers.

EQUITY (26, 35)—JURISDICTION—COMPLETE RELIEF—MULTIPLICITY OF SUITS. In an action to quiet title against numerous subsequent purchasers from a vendee in default, the court, to avoid a multiplicity of suits, will retain jurisdiction to grant full relief and do exact justice, although the issues were framed upon another theory.

Appeal from a judgment of the superior court for Klickitat county, Dykeman, J., entered February 13, 1918, upon findings in favor of the plaintiff, in an action to quiet title, tried to the court. Reversed.

*M. B. Meacham* and *E. C. Ward,* for appellants.

*Akins & Garmire,* for respondent.

FULLERTON, J.—On January 19, 1912, the Moore Realty Company, being then the owner of a half section of land, situated in Klickitat county, contracted to convey the same to one M. M. Gilbert. The purchase price of the land was $12,748.70, of which sum $2,500 was paid on the execution of the contract, and the balance, save the sum of $3,000, was agreed to be paid in installments maturing at various dates, the last on January 2, 1915. The $3,000 was represented by a mortgage in that sum, put on the property by the Moore Realty Company or its predecessors in interest. This mortgage, the contract purchaser agreed to pay when it matured. The deferred payments drew interest at eight per centum per annum. Shortly after the execution of the contract, Gilbert assigned his interest therein to a corporation known as the Gilbert-Tilbury Company. This latter company divided the land into thirty-two ten-acre tracts and sold the greater part thereof on the installment plan to sundry purchasers as orchard lands. These contracts called for monthly payments, and were conditioned so as to

mature at a given period, at which time the purchaser was entitled to a deed to the tract purchased. As an inducement for the purchase, the corporation agreed to plant the tract in apple trees of the purchaser's selection, care for the trees during the life of the contract, and at its maturity convey the land to the purchaser with a bearing apple orchard thereon.

Under these contracts, the Gilbert-Tilbury Company collected a large sum of money. It did not, however, meet its obligations to the Moore Realty Company, and on March 8, 1915, entered into a supplemental contract with that company whereby the time of payment of the purchase price then due was extended for two years. The contract recited that the mortgage for $3,000 was still unpaid, and that there was due on the deferred payments some $6,362.45. It further recited the sales made by the Gilbert-Tilbury Company to the tract purchasers, and contained an assignment of the contracts to the Moore Realty Company, with the right in that company "to collect all amounts due upon said contracts and the whole thereof, and apply fifty per cent (50%) of said collections upon the principal and interest" remaining due upon the unpaid purchase price of the land, the remaining fifty per cent to be turned over to the Gilbert-Tilbury Company.

Subsequent to the execution of the original contract, the respondent, Alvin H. Biggs, became a creditor of the Gilbert-Tilbury Company. The amount of the indebtedness to him, or the form thereof, does not appear in the record, although certain recitals in the testimony indicate that it was later put into a judgment in another state. Biggs attempted to collect this indebtedness at the home office of the company in Klickitat county. To that end, in June,

1915, he procured the resignation of the then sec-
retary of the company and substituted his attorney
in his stead, and from thence on the application of the
payments made by the tract purchasers was under his
attorney's supervision.   Later on, he took an assign-
ment of all the assets of the Gilbert-Tilbury Company,
including therein such personal property as the com-
pany then had on hand and its interests in the con-
tracts of the tract purchasers, which the company had
theretofore assigned to the Moore Realty Company,
and applied to his own uses the one-half paid on them.
Still later he took a deed from the Moore Realty Com-
pany to the half section of land, substituting himself
in the place of the company, paying to it the balance
due upon the original contract price.   On January 1,
1916, he declared a forfeiture of the contract of pur-
chase for nonpayment, and with the consent of the
Gilbert-Tilbury Company, acting through its presi-
dent and his own attorney as its secretary, took pos-
session of the property.

In June, 1917, Biggs began the present action to
quiet his title to the real property.   He made de-
fendants in the action the Gilbert-Tilbury Company
and all of the tract purchasers, set up therein the
original contract of purchase between the Moore
Realty Company and the Gilbert-Tilbury Company,
the supplemental contract between the same parties,
his succession to the rights of the Moore Realty Com-
pany, the failure of the Gilbert-Tilbury Company to
comply with the contracts, the contracts between the
Gilbert-Tilbury Company and the tract purchasers,
and averred that all of such contracts were clouds
upon his title, and prayed that they be cancelled, set
aside, and held for naught, and that his title to the
premises be declared free from the liens thereof.

The Gilbert-Tilbury Company and certain of the tract purchasers defaulted. Others of the tract purchasers appeared, and answering separately, set up their contracts of purchase and the terms thereof, averring an agreement on the part of Biggs, at the time he took over the property of the Gilbert-Tilbury Company, to assume the burden of the contracts and perform according to their terms, one of which such terms was that they might withdraw the sums paid if, at the time of maturity of the contracts, they were dissatisfied with their bargain, further averring an election to withdraw. Each demanded judgment against Biggs for the amounts so paid, and prayed that the same be declared a lien upon the tract purchased by him, that the tract be sold and the proceeds of the sale be applied upon the judgment.

Replies were filed denying the affirmative matter set forth in the answers. A trial was had, which resulted in a decree in favor of the respondent Biggs, quieting his title to the property, and barring the tract purchasers from any interest in the lands whatsoever. The tract purchasers appeal.

The appellants contend in this court that their evidence establishes an assumption on the part of Biggs of the contracts made by them with the Gilbert-Tilbury Company, and that they now have under their contracts the same rights against him that they have against the Gilbert-Tilbury Company. But, without a further review of the facts, we are clear that this contention is not sustained. There was no assumption on the part of the Moore Realty Company or Biggs of the Gilbert-Tilbury Company's contracts with the appellants. We are satisfied, however, that there was such a recognition of their equities as to prevent a decree of forfeiture against them such as

was entered by the trial court. This follows, we think, from the acceptance of an assignment of the contracts of the tract purchasers and the application of a part of the payments made thereunder to a satisfaction of the indebtedness due from the Gilbert-Tilbury Company. More than this, the Gilbert-Tilbury Company is insolvent and was insolvent, and known to be so by the Moore Realty Company, when the supplemental contract was entered into with it. It was also insolvent, and known to be so by Biggs, when he procured his attorney to be appointed its secretary and when he purchased the interests of the Moore Realty Company. Knowing this fact, and knowing that the money paid by the tract purchasers and accepted by them was paid on a contract to purchase a part of the land, equity will not allow them, or either of them, now to assert that the purchasers are without interest in the property.

The utmost right that the Moore Realty Company could assert, and the utmost right that Biggs can now assert, is the payment of the balance due from the Gilbert-Tilbury Company on the contract of purchase. To this sum, Biggs is entitled as the assignee of the Moore Realty Company, and to secure its payment he is entitled to a first lien upon the property. Any surplus remaining equitably belongs to the tract purchasers, and the decree was wrong in awarding the entire property to Biggs.

While the issues were framed upon another theory, yet the court, sitting as a court of equitable cognizance, has jurisdiction of the parties and jurisdiction of the subject-matter of the controversy. It may, therefore, in order to prevent multiplicity of suits, enter such a decree as will do exact justice between the parties. Justice in this instance requires that an

accounting be taken of the amount due under the original contract of purchase between the Moore Realty Company and the Gilbert-Tilbury Company, and an accounting of the amount paid in by the several tract purchasers who have not defaulted in the action, and that the sums found due be declared liens upon the property; that the liens be foreclosed and the property sold, and that the proceeds be applied, first, in satisfaction of the sum found due Biggs on the original contract of purchase, and that the remainder be divided pro rata among the several tract purchasers. If any surplus remains, it will belong to the Gilbert-Tilbury Company. The decree of sale may order the property sold in one parcel or in separate tracts, or in such manner as will in the judgment of the court bring the higher price.

The judgment appealed from is reversed, and the cause remanded with instructions to take such further evidence as may be necessary, and to enter a decree in accordance with the directions herein given.

MOUNT, MAIN, HOLCOMB, and PARKER, JJ., concur.